# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JAMES A. MUDD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:10-cv-52 |
| | ) |
| ALLEN COUNTY WAR | ) |
| MEMORIAL COLISEUM, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

On July 12, 2010, the District Judge dismissed this racial discrimination case with prejudice (Docket # 15) pursuant to the Joint Stipulation of Dismissal With Prejudice (Docket # 14) entered into between Plaintiff James Mudd, who was represented by counsel at the time, and Defendant Allen County War Memorial Coliseum. Almost ten months later, on May 3, 2011, Mudd filed *pro se* a Petition for Relief from Final Judgment, Order, or Proceeding. (Docket # 16.) Three days later, Mudd's counsel, Loren Allison, filed a motion to withdraw (Docket # 17); after a brief interval, the Court granted that motion and deemed Mudd to be representing himself. (Docket # 17, 18.)

Now before the Court is a Motion for Relief from Order (Docket # 23) and an Amended Motion for Relief from Order (Docket #24) filed by Mudd, seeking relief from this Court's Order granting Attorney Allison's motion to withdraw. It is a little unclear what Mudd hopes to accomplish with these Motions, although he plainly disputes Attorney Allison's representation that Mudd sent him an email on April 1, 2011, terminating his services. That challenged contention aside, it is apparent from the letters Mudd has submitted to the Court, that he is

unhappy with Allison's handling of his case to include Allison's decision not to file a Federal Rule of Civil Procedure 60(b) motion to set aside the stipulated dismissal.

Overall, Mudd's challenge to the May 11, 2011, Order granting Allison leave to withdraw is unpersuasive. Although Mudd says that he never sent Allison an email terminating his services, he does not dispute that Attorney Allison sent him a letter on April 22, 2011, notifying him of his intention to withdraw. (Pl.'s Counsel's Mot. To Withdraw Ex. A.) Mudd, however, apparently never logged an objection with Attorney Allison after receiving that notice. Furthermore, the case has been dismissed with prejudice, and Attorney Allison has clearly communicated his decision not to pursue the Rule 60(b) motion on Mudd's behalf, thus sparking Mudd to file his own motion. In fact, it appears that Allison's motion to withdraw stems, at least in part, from Mudd's dissatisfaction with Allison's legal performance. (Pl.'s Counsel's Mot. To Withdraw ¶ 3.)

Applying this situation to the law, and more particularly, the Indiana Rule of Professional Responsibility 1.16(a)(3), it is noted that if Mudd actually discharged his attorney on April 1, 2011, then Allison is required to withdraw, absent a court order to the contrary.

On the other hand, if Mudd did not request that Allison withdraw, Allison may still withdraw under Rule 1.16(b)(1) provided that he can do so without material adverse effect on the interests of the client. Here, considering the stage of the proceedings, and Mudd's apparent ability to represent himself, Allison's withdrawal would seemingly have no material effect on Mudd's case, and thus should be permitted under Rule 1.16(b)(1). Moreover, given that Allison obviously has a fundamental disagreement with Mudd on the course that Mudd is taking, and since it is apparent that Mudd believes that Allison's prior representation was somehow deficient, Allison's request to withdraw should also be permitted under Rule 1.16(b)(4) and (7).

Accordingly, Mudd's Motion for Relief from Order (Docket # 23) and Amended Motion for Relief from Order (Docket # 24), seeking relief from this Court's Order granting his counsel's motion to withdraw, is DENIED. Mudd is, of course, free to secure another attorney if he so desires.

SO ORDERED.

Entered this 26th day of May, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge