**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| JAMES A. MUDD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   CAUSE NO. 1:10-CV-00052 |
| | ) |
| ALLEN COUNTY WAR MEMORIAL | ) |
| COLISEUM, | ) |
| | ) |
|     Defendant. | ) |

## **OPINION AND ORDER**

Before the Court is a Motion for Lay Advocate Appointment (Docket # 28) filed by *pro se* Plaintiff James Mudd, seeking authorization for non-attorney Willie Henderson to represent him in this action. For the following reasons, Mudd's motion will be denied.

"[A]n individual may appear in the federal courts only *pro se* or through counsel." *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986).

> Many good reasons exist for the strict adherence to this rule, not the least of which is that a party may be bound, or his rights waived, by his legal representative. When that representative is a licensed attorney there are grounds for belief that the representative's character, knowledge and training are equal to that responsibility. Further, the lay advocate lacks many of the attorney's ethical responsibilities-for example, to avoid litigating unfounded or vexatious claims. All too frequently non-lawyers . . . bring less than considered appeals and present arguments in an inarticulate, if not totally incomprehensible, manner.

*Id*. (internal citations and quotation marks omitted); *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001).

Mudd has been representing himself in this matter and has already filed several documents with the Court indicating that he is able to adequately articulate his arguments. (*See*

Docket # 16, 19, 22, 23, 24.)  Furthermore, he is not incarcerated and thus could secure counsel on his own behalf.  Moreover, even if he were incarcerated, there is no constitutional right to the appointment of a lay advocate in a civil action. *See Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992).

Accordingly, Mudd may continue to appear *pro se* in this action or, alternatively, hire his own legal counsel to represent his interests.  The Motion for Lay Advocate Appointment (Docket # 28) is DENIED.

SO ORDERED.

Enter for this 2nd day of June, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge