UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FOR T WAYNE DIVISION

| JAMES A. MUDD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Cause No.: 1:10-CV-52 |
| ALLEN COUNTY WAR MEMORIAL COLISEUM, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Petition for Relief from Final Judgment, Order or Proceeding filed on May 3, 2011 (docket at 16). The plaintiff, James A. Mudd, is proceeding *pro se*. Mudd also filed an Amended Motion for Relief from Judgment on May 16, 2011 (docket at 19) and a Motion to Allow the Plaintiff to Correct Errors, Clarify and Supplement the Amended Motion for Relief from Judgment on May 18, 2011 (docket at 22). The defendant, the Allen County War Memorial Coliseum ("the Coliseum") filed a verified response in opposition to Mudd's motions for relief on May 31, 2011 (docket at 26), and Mudd filed a reply brief on June 10, 2011 (docket at 30). Finally, Mudd filed a supplemental reply brief on June 13, 2011 (docket at 31). For the reasons discussed below, plaintiff's motions are DENIED. The Court's previous Order dismissing this case with prejudice (docket at 15) stands.

## DISCUSSION

Mudd filed this employment discrimination case in state court and the Coliseum removed it to this Court on January 4, 2010. The parties attended a mediation on June 30, 2010, and the mediator reported to the Court on July 7 that the case had been settled. *See* Mediator's Report to the Court, docket at 12. Two days later the parties filed a Joint Motion to Dismiss with

Prejudice, which the Court granted on July 12, 2010. *See* docket at 14 and 15. Nearly ten months later Mudd filed his first motion for relief from judgment and the subsequent amended motions followed as outlined above. Mudd was represented by counsel in this case but his attorney filed a motion to withdraw a few days after Mudd filed his original motion for relief. *See* docket at 17.

Mudd's motions for relief are rather voluminous. His original petition, amended motion, and supplemental motion are a combined 151 pages including exhibits. But the crux of the motions is this: Mudd believes the Coliseum fraudulently (or at least through what he terms "inexcusable neglect") withheld a document (a copy of an e-mail, which appears as Exhibit 1 to Mudd's original petition) that bolstered his case. Petition for Relief, pp. 1-2. As a result, Mudd now moves the Court pursuant to Fed.R.Civ.P. 60(b) to reopen this case and "re-set this matter for trial." *Id.*, p. 9. Such relief, Mudd claims, would permit him to "negotiate a fair market value settlement demand consistent with injuries suffered or proceed to trial with competent counsel." *Id.*, p. 10.

The document Mudd claims the Coliseum deliberately withheld is a copy of an e-mail sent by Eric Lonsbury, the assistant operations manager at the Coliseum, to Garnett Mills, Bryan Christie and Gene Languell (presumably also members of the Coliseum's management team) on October 31, 2008. *Id.*, Exhibit 1. In this e-mail, Mr. Lonsbury states that he believed another Coliseum employee, Jeff Alcox, treated Mudd very unfairly, leveling criticism at him that was, in Lonsbury's opinion, "overly harsh and hypocritical" [sic] and designed to make Mudd "either quit or force us to move him off the shift." *Id*. Mudd claims that this document constitutes "newly discovered evidence" that supports his case and warrants reopening this case. This is

really the only issue before the Court, although Mudd raises many tangential issues in his briefs.[1]

For its part, the Coliseum argues in its response brief that it never improperly withheld the document in question and that Mudd, through his attorney, never submitted a request for production of documents during the pendency of this case that would have revealed the e-mail. Defendant's Response, p. 5.[2] Additionally, Laura Maser, the attorney representing the Coliseum throughout this case, noted in an affidavit that not only could the document at issue have been discovered if plaintiff had simply served the Coliseum with a request for production pursuant to Fed.R.Civ.P. 34, but that it actually was disclosed "[i]n response to a subpoena duces tecum and non-party request for production in an unrelated personal injury lawsuit (Mudd v. Neuhauser, Cause No. 02D01-0910-CT-419) . . . ." Affidavit of Laura L. Maser, docket at 27, ¶ 10. Maser states that "[h]ad Plaintiff simply made a request for documents regarding him or his employment, the Defendant would have produced the e-mail at issue here, as it did in the personal injury case." *Id.*[3]

---

[1] For example, Mudd claims that the Coliseum "has now failed to pay medical expenses the Plaintiff incurred while working for the Defendant." Petition for Relief, p. 9. He also asks the Court to "find the Defendant in some other kind of contempt due to the fact that the Defendant is an Allen County Governmental entity supported by tax dollars" and that the Coliseum's alleged improper action "caused interference [with the EEOC's] ability to properly investigate this cause." *Id.*, p. 10. Mudd also alleges that his attorney's withdrawal from this case was improper in that Mudd never requested the attorney to withdraw (even though Mudd simultaneously complains bitterly that his attorney's representation was not competent). *Id.*, pp. 10-11. But these contentions are not relevant to the issue before the Court.

[2] Mudd, through his attorney, did serve the Coliseum with a set of interrogatories and a request for admissions but chose, for whatever reason, not to make a request for production of documents.

[3] Maser neglects to state when this disclosure was made. Mudd contends it was not disclosed until July 9, 2010, after the settlement of this case. Plaintiff's Supplemental Reply, docket at 31, p. 2. Even assuming he is correct (he presents a letter from the attorney representing him in his personal injury lawsuit as evidence of this fact), it does not change the

The Coliseum also argues as follows:

> Despite knowing that personnel records and other documents related to employment existed and were in Defendant's possession, Plaintiff failed to formally or informally request them and chose, instead, to proceed with an early mediation without making a request for production of documents or taking depositions, though clearly the Plaintiff could have engaged in such continued discovery given that the deadline for the close of discovery was set as October 29, 2010, and mediation took place on June 30, 2010. When a party does not formally request documents that it has reason to believe exist, he cannot later set aside judgment when a document or piece of information later comes to light. *See, U.S. Xpress Enterprises, Inc., v. J.B. Hunt Transp., Inc.,* 320 F.3d 809, 815 (8th Cir. 2003)[.]

Defendant's Response, p. 5. The Coliseum also points out that "[w]hen a party makes a 'deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect.'" *Id*., p. 6 (quoting *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000)) (quoting, in turn, *United States v. Bank of New York*, 14 F.3d 756, 759 (2nd Cir. 1994)).

The Coliseum's position is correct. Mudd does not dispute that he never served the Coliseum with a request for production of documents or that he willingly settled this case at an early mediation session while he was represented by counsel. Had he sought the production of documents and then later discovered that the Coliseum had withheld–either deliberately or through inexcusable neglect–the e-mail in question, then he might arguably be entitled to relief.[4]

---

fact that Mudd never requested any documents from the Coliseum during the discovery phase of this case even though nothing prevented him from doing so. In any event, the Coliseum's argument is that its production of the e-mail document in the unrelated case demonstrates that it would have produced it in the present case if it had ever received a discovery request regarding documents in its possession. Absent such request, the Coliseum was under no obligation to produce the e-mail.

[4] The Court says that Mudd might *arguably* be entitled to relief since, even if the Coliseum had neglected to turn over the document following a valid request for production from

4

But that is not what happened here. Relief from a judgment is an extraordinary remedy that is granted only in limited situations to avoid fundamental prejudice or unfairness. *Eskridge v. Cook County*, 577 F.3d 806, 808-09 (7th Cir. 2009). "In order to prevail under Rule 60(b)(2), the movant must show that: (1) the evidence was discovered after trial; (2) *due diligence was exercised to discover the evidence*; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence is such that a new trial would probably produce a different result." *Schweiger v. Farm Bureau Ins. Co. of Nebraska*, 207 F.3d 480, 487 (8th Cir. 2000) (italics added). In this case, Mudd failed to attempt to discover documents in the Coliseum's possession that might have been relevant to his case. Mudd has not established that he is entitled to relief under Rule 60(b)(2) and he is stuck with the benefit of the bargain he negotiated during the mediation of this case.

**CONCLUSION**

---

Mudd, he would still have to show that the failure to produce it was the result of fraud or misconduct by the Coliseum, that he had an otherwise meritorious claim, and that he was prevented due to the misconduct from fully presenting his case at trial. *See Lonsdorf v. Seefeldt*, 47 F.3d 893, 898 (7th Cir. 1995) (a plaintiff seeking relief under Rule 60(b) must establish fraud or misrepresentation clear and convincing evidence). *See also, Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010) ("[i]t is well established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.").

For the reasons discussed above, the motions filed by the plaintiff, James A. Mudd (docket at 16, 19, and 22) are DENIED.  The Court's previous Order dismissing this case with prejudice (docket at 15) stands.

Date: July 22, 2011.

   /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana